IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| United States of America | Criminal Action Number |
|---|---|
| *versus* | 2:17-CR-005-WCO-JCF |
| Williams Christopher Gibbs | |

## Motion to Suppress Statements

Comes now Christopher Williams, by and through his undersigned counsel, and hereby moves to suppress any and all statements by Mr. Gibbs that the Government intends to use against him at trial. In support of this motion, counsel shows that the Government arrested Mr. Gibbs after Mr. Gibbs reportedly sought medical treatment on suspicion of having come into contact with certain substances of concern. Some time later Mr. Gibbs was arrested and on information and belief interrogated.

### Authority

In order to use any statements elicited by Government agents from a defendant at trial, the Government must first demonstrate that the statements were voluntary and not obtained in violation of *Miranda*. *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964) (It "is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a *fair hearing* and a *reliable determination* on the issue of voluntariness....") (emphasis added). To be sure, this constitutional right to a reliable pretrial determination of the voluntariness and *Miranda* compliance of a

1

statement represents a heightened awareness of both the potential power and prejudice of statements from a defendant in the minds of jurors as well as the great potential for abuse from law enforcement officers who are trained in artful interrogation.

As the United States Supreme Court has long understood, confessions wield an enormous degree of persuasive power over the minds of factfinders. See *Hopt v. Utah*, 110 U.S. 574, 584-85 (1884) (recognizing that a "voluntary confession of guilt is among the most effectual proofs in the law"); *Miranda v. Arizona*, 384 U.S. 436, 466 (1966) (explaining that a confession is "the most compelling possible evidence of guilt") (citing *Mapp v. Ohio*, 367 U.S. 643, 685 (1961) (Harlan, J., dissenting)); *Colorado v. Connelly*, 479 U.S. 157, 182 (1986) (citing E. Cleary, McCormick on Evidence 316 (2d ed. 1972)) (observing that "[t]riers of fact accord confessions such heavy weight in their determinations that the introduction of a confession makes the other aspects of a trial in court superfluous").

The Supreme Court has longed recognized that "police interview[s] ... [have] "coercive aspects to [them]." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam). In fact, the Supreme Court has itself observed that "police interrogators 'trade on the weakness of individuals,' i.e., their 'insecurity about [themselves] or [their] surroundings." *Miranda v. Arizona*, 384 U.S. 436, 455 (1966). This is especially true in custodial settings. Custodial police interrogation entails "inherently

compelling pressures" which can "undermine the individual's will to resist and ... compel him to speak where he would not otherwise do so freely." *Miranda v. Arizona* at 467.

Respectfully submitted this 24th day of April, 2017.


*V. Natasha Perdew Silas*
Georgia Bar Number 571970
Attorney for William Christopher Gibbs


FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

## CERTIFICATE OF ELECTRONIC FILING

  This is to certify that I have this day electronically filed the foregoing pleading on the ECF system. I expect that the system will perfect service upon the Government in the person of Ryan Buchanan, Esquire.

  This 24th day of April, 2017.

<u>*V. Natasha Perdew Silas*</u>