IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| United States of America | Criminal Action Number |
| *versus* | 2:17-CR-005-WCO-JCF |
| William Christopher Gibbs | |

## Motion to Suppress Evidence Resulting from Warrantless Seizure

COMES NOW William Christopher Gibbs, by and through his undersigned counsel, and hereby moves this Court to suppress the evidence and any statements obtained as a result of a traffic stop that occurred prior to the date of Mr. Gibbs' arrest. In support of this motion, Mr. Gibbs submits that the Government has provided a disk containing four videos which purport to be a traffic stop involving Mr. Gibbs while driving on secondary roads by local law enforcement. It is unclear what the reason for the stop is. There appears to be a search and interrogation incident to the stop. The Government has indicated that it wishes to use evidence developed as a result of the stop at trial. There is no indication of a warrant.

## AUTHORITY

The Supreme Court instructed in *Whren v. United States*, 517 U.S. 806 (1996), that

> The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. See *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *United States v. Martinez Fuerte*, 428 U.S. 543, 556 (1976); *United States v. Brignoni Ponce*, 422 U.S. 873, 878 (1975). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances.

*Whren v. United States*, 517 U.S. 508, 509-510 (1996). When there is no warrant for a seizure, the Court must determine if the seizure was reasonable under the circumstances, i.e., whether there was probable cause to stop the car for some valid traffic infraction and further whether the officer's actions fell within what would be considered reasonable under the circumstances of the traffic stop.

Since it is the Government's burden to meet, the defense requests that the Court set an evidentiary hearing at which time the defense can challenge the

Government's ability to meet this heavy burden.  If the Government fails to meet its burden, the defense will request that the Court enter an order suppressing all evidence which was discovered as a result of the unlawful seizure.  See *Wong Sun v. United States*, 371 U.S. 471 (1963).

CONCLUSION

WHEREFORE, for the reasons outlined above, we pray that the Court will set an evidentiary hearing on this matter and allow for briefing to follow.  We also pray that the Court will suppress all of the evidence discovered as a result of the unlawful seizure.

Respectfully submitted this 24ᵗʰ day of April, 2017.

*V. Natasha Perdew Silas*

Natasha Perdew Silas
Georgia Bar Number 571970
Attorney for William Christopher Gibbs


FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

## CERTIFICATE OF ELECTRONIC FILING

This is to certify that I have this day electronically filed the foregoing pleading on the ECF system. I expect that the system will perfect service upon the Government in the person of Ryan Buchanan, Esquire.

This 24th day of April, 2017.

_V. Natasha Perdew Silas_