IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17-CR-005-RWS-JCF |
| | ) | |
| WILLIAM CHRISTOPHER GIBBS | ) | |

**DEFENDANT'S MOTION
FOR A *DAUBERT* HEARING
AND BRIEF IN SUPPORT**

Comes now the Defendant, William Christopher Gibbs, by and through his attorney, and moves this Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rules 702, 703 and 705 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993), and its progeny, including *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999), for a hearing to determine the admissibility of any alleged expert testimony the government will seek to introduce at the trial of this case.

1.

The defense believes the government will seek to call an expert witness regarding the identity of the substance in this case which the Government contends was ricin.  Defense counsel and Government counsel had a joint meeting with the Government's expert to discuss the methodology the Government used to

determine the identity of the substance. After speaking with the Government's expert, defense counsel came away with the impression that the method used by the Government to determine the identity of the substance would yield positive results both for ricin and castor beans in their raw format. Defense counsel submits that the methodology used by the Government should not be permitted in front of the finder of fact and asks this Court to perform its gatekeeper function and keep the Government's evidence out.

2.

The government has provided some Rule 16 expert materials. Counsel also requests that the Government provide any additional materials that they may have so that counsel can provide all information to a defense retained expert, including any technical notes that the expert may have. This information is relevant and crucial information in the *Daubert* inquiry.

3.

The government has the burden to establish the admissibility of any alleged expert testimony. *United States v. Frazier*, 387 F 3d 1244 (11th Cir. 2004).

4.

As the Supreme Court found in *Daubert*, and its subsequent decision in

*Kumho,* the District Court acts as a "gate keeper" of alleged expert testimony. As the gate keeper, the Court has an obligation to hold hearings pursuant to Rule 104 to determine the admissibility of alleged expert testimony.

5.

Further, such a hearing is necessary so the Court can determine whether such evidence must be excluded pursuant to Rule 402, irrelevant evidence, Rule 403, prejudicial evidence, or Rule 703, inadmissible evidence, of the Federal Rules of Evidence.

## Conclusion

For all of the above reasons, if the Court does not exclude the government's expert testimony for failure to comply with Rule 16, the Court should hold a *Daubert* hearing.

Dated: This 5th day of June, 2018.

                                        Respectfully submitted,

                                        s/ *V. Natasha Perdew Silas.*
                                        Georgia State Bar No. 571970
                                        Attorney for William Christopher Gibbsa

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2013, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Ryan Buchanan, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street, S. W.
Atlanta, Georgia  30303

s/ *V. Natasha Perdew Silas*
Georgia State Bar No. 571970
Attorney for William Christopher Gibbs

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org