IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 06 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

United States of America

versus

William Christopher Gibbs

Criminal Action Number
2:17-CR-005-WCO-JCF

## Motion to Submit Defence Statement

COMES NOW William Christopher Gibbs, Defendant in the above-styled action and respectfully motions to move this honorable Court to submit the following Defence Statement to the Court.

If I may strike the Court's intrest to concern and direct the Court's attained consideration attentively. I would like to bring to the Court's attention the neglect and reserve of the United States Court in taking whole consideration concerning all the elements of evidence within this case.

Namely, that is to say the consideration of the car and the elements of the leak in that bottle stand as major conflicts throughout all the evidence in any veracious judgment based on honest logical discernment. The elements of fact stay noted that the car was released without traces of any contamination. Even though the bottle leaked and spilt throughout the car. That fact is substantiated by massive logical evidence valid an impossibility of reference for any extraction. This is an overwhelming mass of

essential evidence concerning the crime formally accused of under statute 18 U.S.C. § 175b (C).. This is a element of evidence of ample importance worthy reverence and consideration, not the least of which, nor the last that harbor the fact questioned that an extraction could have never occured (in question at least not by the defendant William Christopher Gibbs at the scene of the crime when the evidence was collected in its integrity), and considerably conflicts with this case not falling under exemption statute 18 U.S.C. § 175b (d).(1)..

Presumably, for a legitimate extraction to have occured the one hundred percent acetone castor bean mixture would have had to derive the ricin toxin out of the castor beans, converting the castor beans toxin into a liquid form. That liquid would have left contaminate traces upon any contact. As the evidence stands the United States Courts presumptous deliberating conduct has only found elements of evidence with traces of ricin toxin contamination in direct contact with the residual pulp, particles, part and peices of the castor beans. In veracious observational considerations noting the factual occurence. Thay did not find any traces of ricin toxin contamination from any exposure that the leaking bottles one hundred percent acetone castor bean mixture

leaked on, or came in contact with.

Evident elements substantiated include my car, my cell phone, car keys, lighter, all personal items and evidence collected etc..

Knowingly, under statute of law it is only illegal to extract and derive legitimatly the ricin toxin out of the bean peices and natural elements.

In contrast, it is not illegal to possess castor beans in peice, part, whole, or to use for small destructive verminous animals and farm land crops.

Furthermore, without a doubt, an extraction could have never occured, logically, by proof of the facts in the evidence that if the acetone is not ricin, and nothing in contact with it was contaminated with ricin toxin. Then the acetone did not exstract the ricin toxin and derive it out of the castor beans. Honest discernment can be made, that legitimatly, the castor beans logically could not have exstracted the ricin toxin themselfs if the one hundred percent acetone did not.

I move the Court to the standerd of proof of conviction, that everyone is presumed innocent until proven guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt.

Respectfully submitted this 30 day of July

*William C. Gibbs*
Defendant William Christopher Gibbs

Natasha Perdew Silas
Attorney for Defendant
Suite 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
404-688-7530
Georgia Bar Number 751970

VERIFICATION AND CERTIFICATE OF SERVICE

This is to certify that I defendant William Christopher Gibbs this 30 day of July, 2018 have certified, copied and mailed through the public notary the foregoing pleading to the United States District Clerk of Court for the northern district of Georgia Gainesville Division, the United States Attorneys Office of Ryan Buchanan, Esquire and to the Federal Defenders Program, INC. to the Defence Attorneys Office of Natasha Perdew Silas to be filed. I expect that the Hall County Jails mail service and this system of method will find perfict service upon the Court and the Government in the person of Ryan Buchanan, Esquire.

This 30th day of July

certified and verified by public

