IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17-CR-005-RWS-JCF |
| | ) | |
| WILLIAM CHRISTOPHER GIBBS | ) | |

**MOTION TO DISMISS
FOR FAILURE TO CHARGE A CRIME AND
LACK OF FEDERAL JURISDICTION**

COMES NOW Defendant, William Christopher Gibbs, by and through undersigned counsel, and moves this Court to dismiss the indictment in this action, as it fails to charge a crime under Title 18 U.S.C. 175b(c).  In addition, since the unregistered possession of ricin is not a federal crime, federal jurisdiction is lacking. To the extent that this Court might construe the statute as applying to the unregistered possession of ricin, the statute is clearly void for vagueness as applied to Mr. Gibbs. Finally, if any ambiguity exists in what Title 18 U.S.C. §175b criminalizes, the Rule of Lenity requires dismissal of Mr. Gibbs' charges.

In support of this motion, Mr. Gibbs shows the following:

1.

Mr. Gibbs is charged in a one count indictment, as follows:

On or about February 2, 2017, in the Northern
District of Georgia, the defendant, WILLIAM

CHRISTOPHER GIBBS, did knowingly possess a biological agent and toxin, to wit, ricin, where such agent and toxin is a select agent for which the defendant had not obtained a registration required by regulations under 351A(c) of the Public Health Act, in violation of Title 18, United States Code, Section 175b(c).

2.

A violation of 18 U.S.C. §175b(c) allows for prosecution for the unregistered possession of either a "select agent" [§175b(c)(1)] or "certain other biological agents and toxins" [§175b(c)(2)]. Although the indictment does not specify which subsection of §175b is being charged by number, it does specify the term "select agent," so clearly the government intended to charge a violation of 18 U.S.C. 175b(c)(1). This subsection provides:

(c) Unregistered for possession. --

(1) Select Agents.–Whoever knowingly possessed a biological agent or toxin where such agent or toxin is a select agent for which such person has not obtained a registration required by regulations under 351A of the Public Health Service Act shall be fined under this title, or imprisoned for not more than 5 years, or both.

3.

For the purposes of 18 U.S.C. 175b, the term "select agent" is specifically

defined in 18 U.S.C. 175b(d), which provides:

> (d) In this section:
>
>> (1) The term "select agent" means a biological agent or toxin to which subsection (a) applies.  Such term (including for purposes of subsection (a)) does not include any such biological agent or toxin that is in its naturally-occurring environment, if the biological agent or toxin has not been cultivated, collected, or otherwise extracted from its natural source.

4.

Subsection (a) of 18 U.S.C. 175b limits the application of §175b[1] to a biological agent or toxin that "is listed" in "section 73.4 and 73.5 of title 42, Code of Federal Regulations."[2]  Ricin is not listed in 42 C.F.R. § 73.4 or § 73.5, and therefore is not a "select agent" as defined by and covered by 18 U.S.C. § 175b. The versions of 42 C.F.R. § 73.4 or § 73.5 in effect in February 2018 are attached hereto as Exhibit A and B.

_____

[1] This is in stark contrast to the biological agents and toxins to which 18 U.S.C. 175 applies, which are not limited to "select agents" or to items listed in  42 C.F.R. § 73.4 or § 73.5.

[2] This version of 18 U.S.C. §175b has been in effect without modification since December 17, 2004.  See, Pub.L. 108-458, Title VI, § 6802(c), (d)(1), Dec. 17, 2004, 118 Stat. 3767.

5.

42 C.F.R. § 73.4 lists the following select agents and toxins:

> Bacillus anthracis;
> Bacillus anthracis (Pasteur strain);
> Brucella abortus;
> Brucella melitensis;
> Brucella suis;
> Burkholderia mallei;
> Burkholderia pseudomallei;
> Hendra virus;
> Nipah virus;
> Rift Valley fever virus; and
> Venezuelan equine encephalitis virus

Interestingly, none of the items on this list are even toxins - they are bacterial or viral select agents. Certainly, none of them is ricin. 42 C.F.R. § 73.5 does not list any select agents.

6.

As a purely legal matter, the indictment fails to state a federal crime because ricin is not a "select agent" to which 18 U.S.C. § 175b applies, since it is not a biological agent or toxin that "is listed" in "section 73.4 and 73.5 of title 42, Code of Federal Regulations."[3] As the indictment fails to allege a federal crime,

---

[3] 18 U.S.C. § 175b(a), as amended on December 17, 2004 and current still, provides in full:

> (1) No restricted person shall ship or transport in or affecting interstate or foreign commerce, or possess in or affecting interstate or

this Court lacks jurisdiction over this matter and the indictment must be dismissed.

7.

To the extent that this Court might infer that Congress meant the statute to apply to the unregistered possession of ricin, any such construction of the statute would be void for vagueness as applied to Mr. Gibbs.  Such a reading would cause grave ambiguity, and the rule of Lenity would also apply to support the dismissal of the indictment.

## ARGUMENT AND CITATION OF AUTHORITY

As the Supreme Court has long stated:

> It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it

---

foreign commerce, any biological agent or toxin, or receive any biological agent or toxin that has been shipped or transported in interstate or foreign commerce, if the biological agent or toxin is listed as a non-overlap or overlap select biological agent or toxin in sections 73.4 and 73.5 of title 42, Code of Federal Regulations, pursuant to section 351A of the Public Health Service Act, and is not excluded under sections 73.4 and 73.5 or exempted under section 73.6 of title 42, Code of Federal Regulations.

(2) Whoever knowingly violates this section shall be fined as provided in this title, imprisoned not more than 10 years, or both, but the prohibition contained in this section shall not apply with respect to any duly authorized United States governmental activity.

according to its terms.

*Caminetti v. United States*, 37 S.Ct. 192, 194 (1917) (citations omitted).  "Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Id.*

Indeed, the cardinal canon of statutory interpretation is that courts must presume that a legislature says in a statute what it means and means in a statute what it says.  *United States v. Aldrich*, 566 F.3d 976, 978 (11th Cir. 2009); *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).  The starting point of statutory interpretation must always be the language of the statute itself.  *Randall v. Loftsgaarden*, 478 U.S. 647, 656, 106 S.Ct. 3143, 92 L.Ed.2d 525 (1986); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).  When examining the language of the statute itself, the Court's task is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.  *Transp. Mgmt. Corp. v. Comm'r of I.R.S.*, 506 F.3d 1364, 1368 (11th Cir. 2007); *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).  In this regard, it is axiomatic that "[i]f the statutory language is plain," a court "must enforce it according to its terms." *King v. Burwell*, 135

S.Ct. 2480, 2489, 192 L.Ed.2d 483 (2015); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Mr. Gibbs believes that the statute at issue, 18 U.S.C. § 175b, is plain and clear and that this Court must "enforce it on its terms." The statute does not prohibit the unregistered possession of ricin, which is not listed anywhere in the C.F.R. sections that the statute expressly sets forth. Since the application of 18 U.S.C. § 175b is limited to select agents listed in "section 73.4 and 73.5 of title 42, Code of Federal Regulations," the charge against Mr. Gibbs for the unregistered possession of ricin must be dismissed because a federal crime is not charged in the indictment.

To be clear, Mr. Gibbs believes that 18 U.S.C. § 175b is direct, specific, and unambiguous. It plainly, obviously, and irrefutably sets forth the definition of "select agent" which applies and narrowly and focusedly directs the reader to specific C.F.R. sections by code cite. Mr. Gibbs believes that the analysis should end here. However, out of an abundance of caution, Mr. Gibbs avers that any other reading of the statute would violate due process and would render it void for vagueness as applied to Mr. Gibbs. Should the Court find any ambiguity, the rule of lenity must be applied and the indictment must be dismissed. These legal theories are addressed below.

## VOID FOR VAGUENESS

A statute can be impermissibly vague for either of two independent reasons. A conviction does not comport with due process if the statute under which a defendant is charged "fails to provide a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams*, 553 U.S. 285, 304 (2008). Second, a conviction does not comport with due process if the statutes authorizes or even encourages arbitrary and discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *accord United States v. Williams*, 553 U.S. 285, 304 (2008). This analysis should be conducted bearing in mind the context in which the statute is applied. *See United States v. Chatman*, 538 F.2d 567, 569 (4th Cir.1976). Here, since ricin is not listed in the specified C.F.R. provisions contained in the statute, the government's reading of the statute is inconsistent with the plain language of the statute, which does not put a person of ordinary intelligence on notice that the statute applies to ricin at all. Moreover, if something that is not defined as a "select agent" supports prosecution under this statute, then the sky is the limit in terms of what substances the government prosecutes over, and that encourages arbitrary and discriminatory enforcement.

*United States v. Lanier,* 520 U.S. 259, 266 (1997), is very instructive here. In *Lanier,* the Supreme Court found three "related manifestations" of the fair

warning requirement. First, "the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.*

The post statute here does not give fair warning that a person could be charged with a violation of 18 U.S.C. §175b(c) for the possession of ricin, since ricin is not a "select agent" as defined by the statute.  "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . ." *Kolender v. Lawson*, 461 U.S. 352, 257 (1983).  Indeed, counsel has not found one published decision regarding a conviction for a ricin possession prosecution under 18 U.S.C. § 175b(c) under the post-December 2004 version of the statute, which added the specific C.F.R. sections, other than Mr. Gibbs' case.

A statute "may be impermissibly vague because it fails to establish standards for police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (*citing Koelander v. Lawson,* 461 U.S. 352, 358 (1983)). Where a law is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits, it fails to meet the requirements of Due Process. *See Giaccio v.*

*Pennsylvania*, 382 U.S. 399, 402 (1966).

"Second, as a sort of 'junior version of the vagueness doctrine,' H. Packer, The Limits of the Criminal Sanction 95 (1968), the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." *Id.* It cannot be fairly said that the statute unambiguously applies to the unregistered possession of ricin, since ricin is not listed in 42 C.F.R. § 73.4 or § 73.5.

"Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute . . . due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope . . . ." *Lanier*, 520 U.S. at 266.  In researching 18 U.S.C. §175b(c), counsel could not find any Court opinions addressing this issue.

## RULE OF LENITY

When a statute is ambiguous, the court must apply the rule of lenity.  The rule is a canon of statutory construction that requires that "ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's

favor."[4]  The late Justice Scalia and Bryan Garner offered a rule-of-lenity call to arms: "The rule . . . is often overlooked when it ought to apply" and "it might fairly be said that the rule of lenity is underused in modern judicial decision-making -- perhaps the consequence of zeal to smite the wicked."[5]  "The defendant has almost always done a bad thing, and the instinct to punish the wrongdoer is a strong one.  But a fair system of laws requires precision in the definitions of offenses and punishments."[6]

How shall a court apply the rule?  Justice Scalia and Garner proposed this prescription: "[W]hether, after all the legitimate tools of interpretation have been applied, 'a reasonable doubt persists.'"[7]  The pair labeled this a "more-defendant friendly" standard than others, but no matter: "We prefer [this definition] because we believe that when the government means to punish, its commands must be reasonably clear.  When they are not, the consequences should be visited on the

---

[4]ANTONIN SCALIA & BRYAN A. GARNER, READING LAW at 296 (Thomson/West 2012).  Where there exist two rational readings of a criminal statute, one harsher than the other, the rule of lenity dictates that we are to choose the harsher one only when Congress has spoken "in language that is clear and definite.  *United States v. Bass,* 404 U.S. 336, 347 (1971).

[5]SCALIA & GARNER at 300-301.

[6]*Id*. at 301.

[7]*Id*. at 299.

party more able to avoid and correct the effects of shoddy legislative drafting—namely, the federal Department of Justice."[8]

The rule of lenity applies when a serious ambiguity exists in a criminal statute. *United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014)( " '[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.' " (*quoting Barber v. Thomas*, 560 U.S. 474, 488 (2010))); *see also United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003)("The rule of lenity applies if a statute—in this instance, a sentencing guideline—is ambiguous.").

---

[8]*Id*.

## CONCLUSION

Based on the foregoing, Mr. Gibbs respectfully asks this Court to grant his

Motion to Dismiss.

Respectfully submitted,


_s/ Mildred Geckler Dunn, Esq._
State Bar Number: 323373

_s/ V. Natasha Perdew Silas, Esq._
Georgia State Bar No. 571970

Attorneys for William Christopher Gibbs

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia  30303
404/688-7530
millie_dunn@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA   )
                                )     CRIMINAL ACTION NO.
v.                         )     2:17-CR-005-RWS-JCF
                                )
WILLIAM CHRISTOPHER GIBBS   )

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Ryan Buchanan, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street, S. W.
Atlanta, Georgia  30303

Dated: August 17, 2018.

*s/ Mildred Geckler Dunn, Esq.*
State Bar Number: 323373
Attorney for William Christopher Gibbs

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org