IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17-CR-005-RWS-JCF |
| | ) | |
| WILLIAM CHRISTOPHER GIBBS | ) | |

**REPLY TO THE GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO CHARGE A CRIME AND
LACK OF FEDERAL JURISDICTION
AND REQUEST FOR IMMEDIATE RELEASE**

COMES NOW Defendant, William Christopher Gibbs, by and through undersigned counsel, and hereby replies to the government's response [Doc. 68] to his motion to dismiss the indictment [Doc. 62] in this action, as it fails to charge a crime under Title 18 U.S.C. 175b(c) and since the unregistered possession of ricin is not a federal crime, federal jurisdiction is lacking. In addition, Mr. Gibbs has been in custody since his initial appearance on this case. Since he is not charged with a crime, he requests that he be immediately released from custody.

**I. THE GOVERNMENT CONCEDES THAT THE UNREGISTERED POSSESSION OF RICIN HAS NOT BEEN A FEDERAL CRIME SINCE DECEMBER 2004 AND THAT DEFENDANT'S ALLEGED CONDUCT WAS LAWFUL.**

First, the government concedes that since the December 2004 amendment of

18 U.S.C. § 175b the unregistered possession of ricin is not a crime, and that "Defendant's [alleged] conduct [was] lawful." Doc. 68, page 8. ("2. The clerical error does render Defendant's conduct lawful . . ..")

Second, the government concedes that the plain language of 18 U.S.C. § 175b does not include ricin. Doc. 68, page 3 ("ricin's omission from the list of biological toxins and agents referenced by § 175b . . .."); Doc. 68, page 11 ("[T]he plain language of 42 C.F.R. § 73.4 does not include ricin . . ..")

Third, the government concedes that government agencies were fully aware of the fact that the unregistered possession of ricin was no longer a crime after December 2004, and neither Congress nor any administrative agency acted to modify or change the statute or the simple numbering of the regulations. Doc. 68, page 7 ("HHS was aware of the impact its renumbering scheme would have on 18 U.S.C. § 175b . . ..")

The government's concessions are consistent with the lack of published cases charged under 18 U.S.C. § 175b(c) and that specific statute's extremely limited use in ricin possession situations since the December 2004 amendment. Counsel's research showed only two convictions (both as a result of beneficial plea agreements reducing much more serious charges, where no appeal was filed) and three pending

cases (including Mr. Gibbs's case) where the unregistered possession of ricin was charged under 18 U.S.C. § 175b.

Counsel performed a Westlaw search of all federal courts, with no time limits, using these terms: "18 usc" /s "175b". Nine cases were returned. See Exhibit A. Only one of these cases involves a charge of unregistered possession of ricin under 18 U.S.C. § 175b as amended in December 2004 - Mr. Gibbs's case regarding the Report and Recommendation of the Magistrate regarding Mr. Gibbs's pretrial motions. (#2).

The other eight other cases are as follows: #1 (Crooker wrongful termination), #3 (Crooker, while an inmate, challenged his drug testing as a violation of due process), #4 (Crooker, while an inmate, challenged the loss of good time credit), and #5 (Crooker, while an inmate, challenged his lack of medical treatment under the Federal Tort Claims Act) are all civil actions filed by Mr. Michael Crooker. None deal with the reach of 18 USC § 175b, but Mr. Crooker was convicted of a count of 18 USC § 175b. His criminal case was prosecuted in Boston, Massachusetts in 2007. *United States v. Michael A. Crooker,* Dist. Mass., Crim. No. 07-30037-MAP. The date of the actual conduct charged, however, was May to August 2004 - thus, he was charged prior to the last change in the language of 18 U.S.C. § 175b in December 2004 (*See, The Government's Response in Opposition to Defendant's Motion to*

*Dismiss,* Doc. 68, page 5.)  This is when the statute actually did outlaw the unregistered possession of ricin. The same applies to # 8, where Mr. Terechuk was charged in Maryland on September 29, 2004, before the statute changed in December 2004.

#6 is a civil case, where Mr. Poett, a chemist, challenged his lack of access to handle select agents and toxins. #7 was a criminal prosecution under 21 USC § 841 where Mr. Heredia raised an issue regarding deliberate ignorance under the drug statute and the mention of 18 USC § 175b was only made to compare *mens rea* of the two statutes.  In fact, #9 is similar - Mr. McCaney was charged under 21 U.S.C. §§ 841 and 846 as a recidivist and the Court merely mentions 18 U.S.C. § 175b(d)(2)(B) as an analogy.

In addition to the published cases, counsel has conducted a Google search for ricin possession (using several different search terms), then checked district court docket sheets to see the actual charges.  Although counsel found many ricin possession references, she could only locate four additional cases charged under 18 U.S.C. § 175b in the country alleging conduct after the December 2004 amendment. Two of those cases are currently in pretrial proceedings.  In two others, the defendants pled to the charge, but the facts of those cases supported much worse charges, and the resolution was extremely beneficial to the defendant.  One of those

cases was *United States v. Daniel Milzman*, D.C. District Court, Crim. No. 1:14-cr-186-KBJ. The Criminal Complaint charged Mr. Milzman with possession of ricin as a weapon under 18 U.S.C. §175(b), a much more serious charge with higher penalties. Mr. Milzman entered into a negotiated plea agreement with the government to plead to a criminal information charging §175b, instead. It clearly was not in his best interest to challenge the statute, since he wanted the better statutory maximum and guideline range. The other case is *United States v. Betty Miller,* Vermont District Court, Crim. No. 2:17-cr-111. In the Criminal Complaint, the government stated that 70-year old Ms. Miller confessed to producing ricin and putting it in the food of other elderly people at the nursing home where she resided. Ms. Miller entered into a plea agreement, pled to a criminal information charging §175b and received a 5 year probation sentence. Again, a plea to §175b was a much better option than pleading to several attempted murders of vulnerable people. Who would challenge the statute from which they seek to benefit?

This lack of prosecutorial use of the statute is definitely a factor in the Void for Vagueness/arbitrary enforcement argument below, but also directly undercuts the government's policy argument regarding the need for this statute to be read directly contrary to the plain language of the statute, because that reading of the statute as written by Congress would lead to "absurd results." If the need for this statute to

cover ricin was so great, the government would have prosecuted more cases in the last 14 years. Or it would have petitioned the regulatory agencies at issue to simply renumber the C.F.R. sections to be consistent with its view of the statute. Or it would have brought the problem to Congress's attention and asked that the statute be modified. The absurd result, really, is to read a statute contrary to the language Congress wrote, when clearly there is no abiding need to do so, and no one has ever even sought to address the issue in 14 long years.

The plain language of the statute, as conceded by the government, mandates the dismissal of the charges against Mr. Gibbs and his immediate release. Mr. Gibbs is not charged with a federal crime.

> **II. THE GOVERNMENT MISUNDERSTANDS THE CANNONS OF STATUTORY CONSTRUCTION WHICH REQUIRE THE COURT TO APPLY THE PLAIN LANGUAGE OF THE STATUTE, ASKING THIS COURT INSTEAD TO CORRECT "AN ERROR" THAT CONGRESS CHOSE NOT TO ADDRESS FOR 14 YEARS.**

This is not a case where the statute at issue is ambiguous and the government correctly does not even suggest as much. Doc. 68, page 11 ("[T]he plain language of 42 C.F.R. § 73.4 does not include ricin . . ..") It is a situation where the language and the meaning of the statute is plain, clear and obvious and just does not include ricin. Doc. 68, page 3 ("ricin's omission from the list of biological toxins and agents

referenced by § 175b . . ..") If the plain language of the statute is not ambiguous, the Court should go no further.

The Court begins with the cardinal rule of statutory interpretation:

> [T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms.

*Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917). "If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning." *Id.* at 490, 37 S.Ct. 192.

The Supreme Court reiterated this principal as recently as 2009:

> As with any question of statutory interpretation, our analysis begins with the plain language of the statute. *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). It is well established that, when the statutory language is plain, we must enforce it according to its terms. *See, e.g., Dodd v. United States*, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *Lamie, supra*, at 534, 124 S.Ct. 1023; *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A*., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917).

*Jimenez v. Quarterman,* 555 U.S. 113, 118, 129 S.Ct. 681 (2009).  And Courts have

recognized that if the language is plain, even if the Court thinks Congress got it wrong, the Court's duty is to give effect to the plain language and not go behind it:

> More importantly, regardless of any concern we may have with this outcome, it is our duty to give effect to the plain language of the statute. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).)

*Parker v. Montgomery County Correctional Facility/Business Office Manager,* 870 F.3d 144, 153-154 (3rd Cir. 2017).

Here, the government concedes that "the plain language of 42 C.F.R. § 73.4 does not include ricin" and that since the December 2004 amendment of 18 U.S.C. § 175b, the unregistered possession of ricin is not a crime, and that "Defendant's [alleged] conduct [was] lawful." Doc. 68, page 8, 11. The Court may not go any further. The plain language is clear. There is no ambiguity. And even if the Court disagrees with the result, it cannot go behind the plain language of the statute.

While Mr. Gibbs believes the language of the statute could not be any more plain, should the Court find the language ambiguous, requiring further analysis, other canons of construction come into play, which also weigh heavily in favor of dismissal

8

in this case. For instance, the court must apply the rule of lenity. The rule is a canon of statutory construction that requires that "ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor." In addition, *expressio unius est exclusio alterius* is a canon of construction that points out that the explicit expression of one thing implies the exclusion of others. In this case, the explicit expression of 42 C.F.R. §§ 73.4, 73.5 and 73.6 implies the exclusion of 42 C.F.R. § 73.3. The Court should stop at the plain language of the statute, but even if the Court goes further, the canons of construction require the dismissal of the indictment.

### III. THE REGULATORY AGENCIES WERE AWARE OF THE NUMBERING SCHEME REQUIRED BY THE 2004 VERSION OF THE STATUTE AND CREATED THE C.F.R. PROVISIONS WITH THAT KNOWLEDGE..

The government's suggestion that "Congress has always intended to criminalize the unregistered possession of ricin" is nonsense. Congress has clearly abdicated the role of determining what substances were illegal under 18 U.S.C. §175b to the regulatory agencies. Congress even told the regulatory agencies (run by extremely educated employees, one hopes) where they should put the list of those substances - in 42 C.F.R. §§ 73.4, 73.5 and 73.6. In no version of the statute did Congress ever state the term ricin.

9

Whether the regulatory agencies intended that ricin would be covered by 18 U.S.C. §175b is subject to more debate. The government argues that the regulatory agencies were "aware of the impact its renumbering scheme would have on 18 U.S.C. § 175b," but the choice not to number the C.F.R. to be consistent with what the government argues 14 years later was "always Congress's intent," belies its argument that it even was the intent. Moreover, the government points out that the regulatory agencies "issued a final rule removing the clarifying language about section 175b from its regulations." Doc. 68, page 7. The fact that this language was removed suggests that the regulatory agencies were satisfied with the numbering of the C.F.R. sections and did not see the "problem" raised by the government's Monday morning quarterbacking. The government's argument that the fact that the statute does not criminalize the unregistered possession of ricin flies in the face of this deliberate removal of language from the C.F.R. Fourteen years have elapsed and there have been two separate C.F.R. entries about the relevance of the coordination between the C.F.R. section numbering and the statutory language – this should not be ignored. The C.F.R and the statute are the result of deliberate decision making, not simply a "typo" missed by numerous governmental officials for 14 years.

Finally, it bears repeating - the government's Chicken Little alarm, suggesting that the sky will fall if the Court enforces the "absurd result" that would follow from

the plain language of the statute, is belied by the paltry use of the statute over the past 14 years. Indeed, it certainly has not spurned Congress or the regulatory agencies to take a different course of action than the one they plainly chose. If Congress and the regulatory agencies were clearly aware of a given issue, but made the deliberate choice to make no changes to the numbering system of the C.F.R. or the statute itself, their intent is clear and the statute must be read consistent with its plain language.

## IV. VOID FOR VAGUENESS AND THE RULE OF LENITY

Mr. Gibbs fully briefed these issues in his Motion to Dismiss, and Mr. Buchanan acknowledged the Constitutional importance of the issues at the Pretrial Conference, yet the government offered no response to the arguments set forth, and has therefore waived the opportunity to do so.

If the Court should find that Congress intended something that it did not write, Mr. Gibbs asks that the Indictment be Dismissed because the statute is vague as applied to him. No person of ordinary intelligence would fathom that when a statute directly says that X, Y and Z are covered by the statute, that it too would cover A and B, even though it doesn't refer to A or B. In fact, ordinary people follow the cannon of construction that the expression of one thing implies the exclusion of others (*expressio unius est exclusio alterius*) in normal English language every day. If your mother tells you to make your bed and do the dishes, you don't assume she meant to

mow the lawn as well, even if the grass needs mowing in your opinion. If you are hired to paint the walls and trim in a dining room, you are not expected to drywall the bedroom. The plain language of the statute is clear, and that language clearly does not include ricin.

A conviction in this case would clearly violate due process because the statute under which a defendant is charged "fails to provide a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams*, 553 U.S. 285, 304 (2008). Moreover, the lack of regular use of the statute shows that it authorizes or even encourages arbitrary and discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *accord United States v. Williams*, 553 U.S. 285, 304 (2008).

If the Court finds the statute is ambiguous, the court must apply the rule of lenity. The rule is a canon of statutory construction that requires that "ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor." Obviously, Mr. Gibbs relies on the full arguments set forth in his Motion to Dismiss, to which the government had no response.

### V.  MR. GIBBS REQUESTS HIS IMMEDIATE RELEASE

Mr. Gibbs has been in custody since his initial appearance on this charge, which even the government admits is not a crime. He asks the Court to issue an order of release instanter.

## CONCLUSION

Based on the foregoing, Mr. Gibbs respectfully asks this Court to grant his Motion to Dismiss and release him from custody immediately.

Respectfully submitted,

*s/ Mildred Geckler Dunn, Esq.*
State Bar Number: 323373

*s/ V. Natasha Perdew Silas, Esq.*
Georgia State Bar No. 571970

Attorneys for William Christopher Gibbs

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia  30303
404/688-7530
millie_dunn@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17-CR-005-RWS-JCF |
| | ) | |
| WILLIAM CHRISTOPHER GIBBS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Ryan Buchanan, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Spring Street, S. W.
Atlanta, Georgia  30303

Dated: August 19, 2018.

*s/ Mildred Geckler Dunn, Esq.*
State Bar Number: 323373
Attorney for William Christopher Gibbs

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
Email: millie_dunn@fd.org