**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA :
:
:
v. :
: CRIMINAL ACTION NO.
WILLIAM CHRISTOPHER : 2:17-CR-005-RWS-JCF
GIBBS, :
:
Defendant. :

**ORDER**

This case comes before the Court on Defendant William Christopher Gibbs' Motion to Dismiss for Failure to Charge a Crime and Lack of Federal Jurisdiction [62]. After reviewing the record, the Court enters the following Order.

**Discussion**

Defendant was charged with knowingly possessing ricin in violation of 18 U.S.C. § 175b(c). According to the indictment, ricin "is a select agent for which . . . [D]efendant had not obtained a registration required by regulations under 351A(c) of the Public Health Act[.]" (Indictment, Dkt. [1] at 1.)

Defendant now moves to dismiss the indictment on the theory that the

unregistered possession of ricin is not a crime under § 175b(c). Alternatively, Defendant argues the statute is, at best, ambiguous, so the Court should apply the rule of lenity and resolve the ambiguity in Defendant's favor.[1]

Under § 175b(c), it is a federal crime to "knowingly possess[] a biological agent or toxin where such agent or toxin is a select agent for which such person has not obtained a registration required by regulations under section 351A(c) of the Public Health Service Act . . . ." 18 U.S.C. § 175b(c)(1). A "select agent" is one "to which subsection (a) applies." Id. § 175b(d)(1). Subsection (a)–which criminalizes shipping, transporting, and possessing certain biological agents and toxins–applies "if the biological agent or toxin is listed . . . in sections 73.4 and 73.5 of title 42" of the Code of Federal Regulations. Id. § 175b(a)(1). 42 C.F.R. § 73.4 includes a list of overlap select agents and toxins that the Department of Health and Human Services ("HHS") has determined pose potential threats to public health and safety; 42 C.F.R. § 73.5 contains exemptions. Neither 42 C.F.R. § 73.4 nor

---

[1] Defendant also argues if the statute could be read to apply to the unregistered possession of ricin, it is impermissibly vague (and hence, unconstitutional) as applied to the facts of this case. The Government did not address this argument in its response brief, and the Court need not reach it for the reasons set forth below.

AO 72A
(Rev.8/82)

§ 73.5 mention ricin.

Based on this statutory language, Defendant argues that 18 U.S.C. § 175b "plainly, obviously, and irrefutably" excludes ricin from the definition of "select agent." (Def.'s Mot. to Dismiss Indictment ("MTD"), Dkt. [62] at 7.) The Government admits that ricin is not among the biological agents and toxins referenced by § 175b(c). But, the Government argues, Congress intended to criminalize the unregistered possession of ricin in § 175b , and its omission from the statute was merely a "clerical error."

In 2001, Congress enacted 18 U.S.C. § 175b as part of the USA Patriot Act. Pub. L. No. 107-56, § 817, 115 Stat. 272, 385–86. Similar to the current version, the original made it a crime for certain "restricted persons" to possess any biological agent or toxin listed as a "select agent" by the Secretary of HHS "in subsection (j) of section 72.6 of Title 42, Code of Federal Regulations[.]"

In 2002, Congress amended the statute to include subsection (c)(1), which criminalized the unregistered possession of select agents by any person. Pub. L. 108-177, 115 Stat. 661 , § 231. Congress also changed the biological agents and toxins the statute applied to by shifting its reference from 42 C.F.R. § 72.6(j) to "Appendix A of part 72 of Title 42" of the C.F.R., which contained

AO 72A
(Rev.8/82)

a list of potentially dangerous biological agents and toxins HHS identified pursuant to new requirements under the Public Health and Safety Act.

In 2004, as part of the Intelligence Reform and Terrorism Prevention Act, Congress changed the reference from "Appendix A of part 72" to Part 73. Pub. L. 108-458, 118 Stat. 3638, § 6802(d). This had the effect of criminalizing the possession of "a non-overlap or overlap select biological agent or toxin in sections 73.4 and 73.5 of Title 42" of the C.F.R. However, three months later, HHS re-formatted its regulations, which, in relevant part, resulted in its list of select agents and toxins–including ricin–being moved to a section of the C.F.R. (§ 73.3) that is not referenced in 18 U.S.C. § 175b.

The Government argues that based on this history–and, in particular, the HHS revisions that resulted in the exclusion of ricin and other biological toxins from § 175b–"it is clear . . . that Congress intended for the unregistered possession of ricin to be a crime." (Government's Resp. in Opp. to MTD, Dkt. [68] at 11.) That may well be true, but it does not comport to the standards of statutory interpretation this Court is bound to apply.

The Court's "analysis must begin with the language of the statute." Stansell v. Revolutionary Armed Forces of Colom., 704 F.3d 910, 915 (11th

AO 72A
(Rev.8/82)

Cir. 2013) (citing Harris v. Garner, 216 F.3d 970, 972–73 (11th Cir.2000) (en banc)). And it is "[o]nly when a statute's meaning is 'inescapably ambiguous'" that the Court may "turn to legislative history to aid in interpretation." United States v. Williams, 790 F.3d 1240, 1245 (11th Cir. 2015) (quoting United States v. Veal, 153 F.3d 1233, 1245 (11th Cir.1998)). Furthermore, if the statute defines a term, that definition controls the meaning of the term. Burgess v. United States, 553 U.S. 124, 129 (2008) ("Statutory definitions control the meaning of statutory words . . . in the usual case.") (quoting Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 201 (1949)); Stansell, 704 F.3d at 915.

As described above, § 175b defines "select agent," as a "biological agent or toxin" that is listed in 42 C.F.R. § 73.4 or § 73.5. This language is unambiguous. And in defining "select agent," the statute does not reference a non-exhaustive list or provide examples; rather, it says what the term "*means*." 42 U.S.C. § 175b(d)(1) (emphasis added). "'[M]eans' denotes an exhaustive definition[.]" Stansell, 704 F.3d at 915 (11th Cir. 2013) (citing United States v. Probel, 214 F.3d 1285, 1288–89 (11th Cir.2000)). Thus, "[w]hen a statutory definition declares what a term 'means' rather than 'includes,' any meaning not

AO 72A
(Rev.8/82)

stated is excluded." Id. (citing Colautti v. Franklin, 439 U.S. 379, 392–93 & n.10 (1979)). Here, neither 42 C.F.R. § 73.4 nor § 73.5 include ricin. The statute does not reference–and thereby excludes–any other sections of the C.F.R. So, applying the statutory definition, as the Court is bound to do, the unavoidable conclusion is that "select agent" under 18 U.S.C. § 175b does not include ricin.[2]

Because the text of § 175b is unambiguous, the Government's reliance on legislative history is misplaced. Indeed, legislative history cannot change clear, codified language. See, e.g., United States v. Rush, 874 F.2d 1513, 1514

---

[2] The Court notes, however, that the possession of ricin is not a wholly legal endeavor. To the contrary, 18 U.S.C. § 175(a) provides:

> Whoever knowingly develops, produces, stockpiles, transfers, acquires, retains, or possesses any biological agent, toxin, or delivery system for use as a weapon, . . . or attempts, threatens, or conspires to do the same, shall be fined under this title or imprisoned for life or any term of years, or both.

In assessing the constitutionality of this provision under the vagueness doctrine, the Eleventh Circuit held, "The statute provides a person of ordinary intelligence with fair warning that possessing castor beans, while knowing how to extract ricin, a biological toxin, from the beans, and intending to use the ricin as a weapon to kill people, is prohibited." United States v. Crump, 609 F. App'x 621, 622 (11th Cir. 2015) (citing United States v. Lebowitz, 676 F.3d 1000, 1012 (11th Cir.2012) (per curiam)).

AO 72A
(Rev.8/82)

(11th Cir. 1989). To that end, there is a difference, in the Court's opinion, between saying, "Congress intended a word to mean something different than the definition some might ascribe to it," and saying, "Congress (or a regulatory agency) wholly excluded a word but meant for that word to be there." Whereas the former is a tool of statutory interpretation, the latter suggests courts may edit Congress's work. "Our function is to apply statutes, . . . not to 'improve' statutes by altering them." Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002) (citing Badaracco v. Comm'r of Internal Revenue, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."))).

Even looking to the legislative history, it cannot be said that there is a "clearly expressed legislative intention" contrary to § 175b's definition of "select agent." See Albernaz v. United States, 450 U.S. 333, 336. After HHS overhauled its regulatory numbering scheme, Congress had ample opportunity to amend the statute to make its definition of "select agent" comport to the Government's interpretation. It has been 14 years, and Congress is yet to do so. And there are plausible explanations why. For instance, Congress may have decided that the unregistered possession of ricin, alone, is not conduct

sufficiently culpable to justify the commission of a federal crime. Or, Congress may have assumed that the illegality of having certain biological agents and toxins, like ricin, for nefarious purposes is sufficiently encapsulated in other statutory provisions. See 18 U.S.C. § 175. The Court cannot say, but it is not for the Court to disregard a clear statutory definition in favor of absent language that may or may not have been excluded purposefully.

Furthermore, even if 18 U.S.C. § 175b's use of the term "select agent" were ambiguous, the rule of lenity would foreclose reaching a different result. The rule of lenity ensures fair warning and limits ambiguity in a statute by only applying it to conduct that is clearly covered. United States v. Lanier, 520 U.S. 259, 266 (1997). Under that doctrine, the Court would have to interpret any ambiguity in favor of Defendant, not the prosecution. See, e.g., United States v. Santos, 553 U.S. 507, 519 (2008).

The Court, therefore, finds that § 175b cannot be read to criminalize the unregistered possession of ricin. As a result, Defendant's Motion to Dismiss is due to be granted. The Court does not suggest, however that the conduct alleged against Defendant would not violate some other criminal law, whether state or federal; but, Defendant cannot be convicted under this one.

## Conclusion

Certainly, the Court appreciates the potential dangers associated with individuals possessing potentially hazardous agents and toxins without permission to do so. Equally, though, the Court takes very seriously the principle that citizens ought to have fair and clear warning of the conduct for which they can be held criminally responsible. It falls to Congress to write criminal laws, or to amend them if they yield unfair or unwanted results. The role of the courts, on the other hand, is limited to fairly reading and applying the laws Congress writes; not to change them. "Those who ask courts to give effect to perceived legislative intent by interpreting statutory language contrary to its plain and unambiguous meaning are in effect asking courts to alter that language . . . . We cannot[, however,] add to the terms of [a statute] . . . what Congress left out[.]" Merritt v. Dillard Paper Co., 120 F.3d 1181, 1187 (11th Cir. 1997).

In this case, the Court was asked to do one of two things: either read the statue plainly—as an ordinary citizen would—or look past the text to correct a mistake that the lawmaking bodies of our government might (or might not) have made. Well established law demands it be the former. Conroy v.

AO 72A
(Rev.8/82)

Aniskoff, 507 U.S. 511, 528 (1993)(Scalia, J., concurring) ("The language of the statute is entirely clear; and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it.")

Accordingly, Defendant's Motion to Dismiss Indictment [62] is **GRANTED**. In tandem with this motion, Defendant requests an Order granting his immediate release from custody. In light of the Court's ruling, that request is **GRANTED**. It is **ORDERED** that Defendant be released from custody, immediately.

**SO ORDERED** this 21st day of September, 2018.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE